IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NUMBER: 4:17-CR-29 (CDL) |
| | : |
| v. | : |
| | : |
| ALLANDOE CORTEZ BOYD | : |
| | : |
| _____ | : |

## PLEA AGREEMENT

It is hereby agreed by the United States of America, by and through its undersigned attorney, the

United States Attorney for the Middle District of Georgia, and **ALLANDOE CORTEZ BOYD**,

hereinafter referred to as "defendant," and defendant's undersigned attorney as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Information against

defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant

his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has

the right to plead not guilty and to elect instead to be tried by jury.  The defendant understands that at a

jury trial, defendant would enjoy a presumption of innocence, and that the government would have the

burden of proving defendant's guilt beyond a reasonable doubt.  The defendant understands that

defendant would be entitled to the services of a lawyer at all stages of such trial.  The defendant

understands that defendant would be entitled to confront and cross-examine the government's proof, and

1



to present witnesses and evidence in defendant's own behalf.   The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so.   Defendant has discussed these rights with defendant's attorney.   Defendant is satisfied with the services of defendant's lawyer.   Defendant knowingly and voluntarily waives defendant's rights to plead not guilty and to proceed to trial.

The United States Attorney and the defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, (2005). Defendant knowingly and voluntarily waives any further objections that defendant may have based on Booker, Apprendi v. New Jersey, 530 U. S. 466 (2000), and their progeny.   So the defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The defendant expressly waives any claim or right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

### (3)

Defendant being fully cognizable of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4), below, agrees pursuant to Rule 11(C), Federal Rules of Criminal Procedure, as follows:

(A)     The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Information.

Count One alleges that the defendant, having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, did knowingly receive and possess a firearm which previously had been shipped and transported in interstate commerce, to

2

wit:  one Rossi, Model 461, .357 magnum revolver, serial number IP108593; all in
violation of Title 18, United States Code, Section 922(g)(1).

(B)     The defendant understands that defendant's plea of guilty to Count One, as set forth in
subparagraph (A), above, will subject defendant to a maximum of ten (10) years
imprisonment, a fine of up to $250,000, and up to three (3) years supervised release.
Defendant further acknowledges that the Court is required to impose a mandatory
assessment of $100 on this Count.

(C)     The defendant acknowledges and understands that the Court is not bound by any estimate
of the advisory sentencing range that defendant may have received from defendant's
counsel, the government, or the Probation Office.  The defendant further acknowledges
and agrees that defendant will not be allowed to withdraw defendant's plea because
defendant has received an estimated guideline range from the government, defendant's
counsel, or the Probation Office which is different from the advisory guideline range
computed by the Probation Office in the Pre-Sentence Report and found to be the correct
advisory guideline range.

(D)     The defendant fully understands and has discussed with defendant's attorney that the
Court will not be able to consider or determine an advisory guideline sentencing range
until after a pre-sentence investigative report has been completed.  The defendant
understands and has discussed with defendant's attorney that the defendant will have the
opportunity to review the pre-sentence investigative report and challenge any facts
reported therein.  The defendant understands and has discussed with defendant's attorney
that any objections or challenges by the defendant or the defendant's attorney to the Pre-

3

AB

MS

Sentence Report, the Court's evaluation and rulings, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range in this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court, other than any claim of ineffective assistance of counsel. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only. The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statue, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

4

AB
MS

(H)     Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing.

(I)     Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present indictment as well as any and all criminal violations about which defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement.  The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding.   The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals to "make a case," rather, it requires the defendant to be truthful and to testify truthfully whenever called upon.

(J)     The Defendant understands that he has been accused of a felony offense punishable by more than one (1) year imprisonment, and that normally he would have the right to have his case considered by a Grand Jury.  By entering a guilty plea to the information, Defendant knowingly and voluntarily waives his right to indictment by a Grand Jury.

(K)     The Defendant understands that he is entering a guilty plea to possession of the single firearm specified in the information.  However, pursuant to United States Sentencing Guidelines Section 1B1.3, "Relevant Conduct," the Defendant acknowledges and agrees that the Court could consider the presence of other firearms located in his residence as relevant conduct when determining its sentence.

(4)

5

In exchange for the considerations set forth in paragraph (3), above, the United States Attorney for the Middle District of Georgia agrees as follows:

    (A)    That he will accept the plea of guilty by the defendant as provided in paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought in this district solely against the defendant.

    (B)    If defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that defendant receive a downward adjustment in the advisory guideline range.  But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion.  The United States expressly reserves the right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

    (C)    That he further agrees, if defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of defendant's cooperation known to the sentencing Court.  If the defendant is not completely truthful and candid in his cooperation with the government, he may be subject to prosecution for perjury, false statements,

6

Ab
MS

obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Sect. 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the defendant fail to cooperate truthfully and completely with the government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

7

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to the Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), the Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

The allegation of Count One of the Information are true and correct.

On October 5, 2016, officers with the Columbus, Georgia Police Department executed a valid search warrant at the defendant's residence, located at 127 31st Avenue, Columbus, Georgia. Boyd was seated on a couch in the living room when the police entered the home, and was taken into custody. Agents seized a fully loaded Rossi, Model 461, .357 magnum revolver, serial number IP108593, directly

8

under a seat cushion where Boyd had been seated. Defendant acknowledges that he had constructive possession of this weapon. Next to the firearm, officers found a small canvas case containing approximately five grams of confirmed heroin.

Three additional firearms were recovered from the attic, including one Romarm/Cugir rifle, serial number 1965MN0581, one SKS model assault rifle, serial number 10254383, and one M-16 rifle of an unknown serial number. A .22 caliber Marlin rifle, serial number 98623209, was found in an outside shed on the property. Approximately 418 rounds of ammunition in various calibers and gauges were seized from a bedroom.

Special Agent Henry Countryman of the Bureau of Alcohol, Tobacco, Firearms and Explosives took custody of the seized weapons. He determined that the Rossi .357 functioned as designed and was manufactured in Brazil.

The Defendant acknowledges the following felony convictions in the state of Georgia:

(1) Theft by taking motor vehicle, Muscogee County, Georgia, sentenced June 4, 1999, case number SU-99-CR-840;

(2) Theft by receiving stolen property, Muscogee County, Georgia, sentenced June 4, 1999, case number SU-99-CR-1523;

(3) Possession of a firearm by a convicted felon, Muscogee County, Georgia, sentenced December 21, 2001, case number SU-01-CR-2694;

(4) Possession of a firearm by a convicted felon, Muscogee County, Georgia, sentenced April 12, 2004, case number SU-04-168;

(5) Possession of a telecommunication device by an inmate, Muscogee County, Georgia, sentenced December 17, 2012, case number SU-12-CR-1521; and

9

(6) Theft by taking motor vehicle and possession of a firearm by a convicted felon, Muscogee County, Georgia, sentenced December 17, 2012, case number SU-12-CR-1721.

(8)

### ACCEPTANCE OF   PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this *23rd* day of *August*, 2017.

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: *Melvin Hyde*

MELVIN E. HYDE, JR.
ASSISTANT UNITED STATES ATTORNEY

United States Attorney's Office
Middle District of Georgia
P.O. Box 2568
Columbus, Georgia 31902
(706) 649-7700
Georgia Bar No. 381425

10

I, ALLANDOE CORTEZ BOYD, have read this agreement and had this agreement read to me by my attorney, Michael Simpkins. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
ALLANDOE CORTEZ BOYD
DEFENDANT

I, Michael Simpkins, attorney for defendant ALLANDOE CORTEZ BOYD, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to the defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
MICHAEL SIMPKINS
ATTORNEY FOR DEFENDANT

13

